UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

UNITED STATES OF AMERICA,　　　　　　　Case No.: 2:21-cr-14017-AMC
　　　Plaintiff,

v.

RONELL BRYANT III,
　　　Defendant.
_____/

### MR. BRYANT'S AMENDED MOTION TO SUPPRESS
### CELL PHONE SEARCH (D.E. 33)
### (amended as to bad faith argument only)

COMES NOW, Mr. Bryant, by and through the undersigned counsel, and respectfully amends his motion to suppress to include his bad faith argument. The undersigned reserves additional argument regarding bad faith based on the testimony at any hearing on this matter, as cross-examination may yield additional testimony in further support of a bad faith argument.

*The Affiant acted in Bad Faith and Does Not Qualify for a Leon Exception*

In the instant case, the Affiant misrepresented facts and omitted other facts to prevent an accurate portrayal of the circumstances.

First of all, the Affiant acted in bad faith on informing the county court judge that Mr. Bryant "was arrested at his residence." Indeed, the United States Magistrate Judge in the detention hearing on this case already found that Mr. Bryant was arrested "on a state arrest warrant outside of his mother's residence in Fort Pierce, Florida." (D.E. 14 at 2). The Court reached this finding based on "evidence established by the Criminal Complaint, the Pretrial Services Report, the Government's proffer, and Special Agent Christy's testimony." *Id.*

1

Second, the Affiant acted in bad faith by stating that law enforcement discovered in "his residence" "the box to an FN Five-Seven handgun, along with 5.7 caliber ammunition in the closet of a bedroom with numerous items belonging to Ronell Bryant." Application at ¶G. Again, this Court has a different depiction of this evidence, specifically that the FN box and ammunition were registered to Mr. Bryant's cousin, as evidenced by corresponding paperwork found in the bedroom with the cousin's name. D.E. 14 at 2-3. This omission is glaring and cannot be washed away as a mere oversight. This is particularly true because the Affiant omitted mentioning that Mr. Knight, the legally registered owner of the firearm, came to the scene very shortly after Mr. Bryant's arrest and requested for the return of his firearm in the trunk (and presumably his FN box and paperwork inside the subject bedroom).[1] Mr. Knight provided his CCW permit and his driver's license in his request, but law enforcement denied his request.

As any Affiant knows, a search warrant is supported by probable cause if the supporting affidavit establishes "a connection between the defendant and the location to be searched; … a link between the location and criminal activity; … " *United States v. Joseph*, 709 F.3d 1082, 1099 (11th Cir. 2013). In *Joseph*, the Eleventh Circuit has found that an informant who does not establish this link has questionable credibility and veracity. *Id*. The undersigned respectfully submits that the same is true for Affiants who misrepresent or inflate the link between the location and criminal activity.

The Affiant also makes several statements which could only be included to create false inferences. First, the Application spends a significant amount of time discussing the calibers of

---

[1] This may be testified to at the time of any hearing on this matter. As the undersigned has represented previously, cross-examination or other testimony may yield additional information to detail the extent of misrepresentations by the Affiant.

the firearms found in Osceola and the residence. The discussion may infer that there is a relationship between the caliber casings found at the Osceola incident have any relevance to items attributed to Mr. Bryant in the leased car or his mother's residence. However, there is absolutely no correlation between the caliber casings in Osceola and any ammunition or firearm found in the leased car or the residence. (*See* Motion to Suppress, D.E.33 at 10). Second, the Affiant spends nearly two paragraphs of the Application detailing his involvement in drug investigations and why the items sought "are not limited to just drug trafficking, but also are found with and connected to individuals engaged in drug activity such as lower-level street sales of narcotics and/or personal use of illegal drugs" despite the fact that this is not a drug investigation. More specifically, there are no particularized facts in the four corners of the Application regarding drugs. (*See generally* Application, Exh. A). That the Affiant included the language on these issues creates inferences that are simply false.

The Affiant's omissions and non-descript conclusory language misrepresented the nature of the alleged contraband's relationship to Mr. Bryant. As any Affiant knows, this information is absolutely critical in the determination of probable cause. The Affiant clearly knew that he was misrepresenting and exaggerating the allegations and facts in his case to prevent the county court judge from considering an accurate and true depiction of the circumstances. As a result, the Application cannot survive a *Leon* exception.

WHEREFORE, Defendant Ronell Bryant, III, requests this Honorable Court to suppress the search of his cell phone.

Dated this 31st of August 2021.

Respectfully Submitted,
*/s/ Lydia Pittaway*
Fla. Bar No.: 44790

> Pittaway Law, P.L.L.C.
> 133 S. Second St., Ste. 101
> Fort Pierce, Florida 34950
> Telephone: 772-494-1821
> Facsimile: 407-674-2524
> Lydia@PittawayLaw.us

## **CERTIFICATE OF SERVICE**

I HEREBY certify that on August 31st, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

> */s/ Lydia Pittaway*
> Fla. Bar. No. 44790