**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

**CASE NO. 21-14017-CR-CANNON**

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.

**RONELL BERNARD BRYANT, III**,
a/k/a "Lil Polo Da Don,"
a/k/a "Polo Bryant,"

    Defendant.
_____/

**ORDER ON DEFENDANT'S MOTION IN LIMINE**

    This matter comes before the Court upon Defendant's Motion in Limine [ECF No. 65], filed on December 6, 2021. The Court ruled on the Motion during the calendar call on March 15, 2022 [ECF No. 122]. For the reasons stated in open Court and further described below, Defendant's Motion in Limine [ECF No. 65] is **GRANTED IN PART AND DENIED IN PART**.

*** 

    Defendant's Motion has five parts, described and addressed below:

    <u>First</u>, Defendant moves to exclude any fingerprint analyst from testifying that Defendant "cannot be excluded" as a source of fingerprints in this case [ECF No. 65 p. 1].[1] Defendant also challenges such testimony to the extent it includes terms such as "100 percent certain," "has essentially zero," and other similar descriptors [ECF No. 65 p. 2]. Defendant does not provide any legal authority for exclusion of such evidence, stating instead in general terms that such evidence is "discouraged" by the scientific community and may "lead a jury to believe it is more probable

---

[1] During argument on the Motion, defense counsel clarified that, following conferral by the parties on the government's DNA expert, this aspect of Defendant's motion was limited to fingerprint testimony.

that he was the source of fingerprints" [ECF No. 65 p. 2]. The Court denies this request. Defendant has provided no legal authority for excluding a fingerprint expert's testimony in accordance with the scientific findings in his or her report. And the Court sees no basis to exclude a fingerprint expert from testifying in accordance with those relevant findings.

Second, Defendant moves in limine to exclude "other firearms and ammunition" other than the FN, Model Five seveN, 5.7 pistol and the 5.7 ammunition that is the subject of the Indictment [ECF No. 65]. This aspect of the motion was resolved by the parties as discussed during the calendar call and therefore is denied as moot in light of that agreement. To be clear, the government shall not argue or present evidence regarding the Glock firearm found in the room of Defendant's mother on July 9, 2020; the two AK-variant magazines found in a Crown Royal bag in the open closet in a bedroom on July 9, 2020; or the 7.62 ammunition found in that closet. To the extent that any images sought to be admitted by the government depict any firearms other than a FN Model Five SeveN 5.7 pistol, the government shall redact such images (or portions thereof), consistent with the Court's ruling at calendar call.

Third, Defendant moves in limine to exclude "any alleged criminal activity related to a warrant arising out of Osceola County" [ECF No. 65 p. 3]. The parties largely agree on this aspect of the Motion, as described herein. This case arises from law enforcement's execution of an arrest warrant at 3706 Avenue K in Fort Pierce, Florida, on July 9, 2020. That arrest warrant was issued following an alleged incident in Osceola County in May 2020, and it lists four Florida felonies as the basis for the warrant—aggravated assault with a deadly weapon, use of a firearm during a felony, discharging a firearm in public, and battery [ECF No. 33-1 p. 6]. The government agrees not to argue at trial or to elicit evidence related to the Osceola incident or to the nature of the warrant. The government observes, however, that in presenting the basic context of the case, it cannot avoid the reality that law enforcement was at 3706 Avenue K on July 9, 2020 to arrest

CASE NO. 21-14017-CR-CANNON

Defendant pursuant to an arrest warrant. Defendant does not meaningfully dispute the need to provide the jury with some basic context for the investigation but asks the Court to limit government witnesses to saying only that they were on scene "pursuant to a lawful investigation," omitting any reference to a "warrant."

As stated in open Court, the government is permitted to argue and present evidence that offers were executing a lawful warrant on the day in question—but the government shall refrain from eliciting any additional testimony about the underlying nature of the warrant or the Osceola incident. This resolution strikes an appropriate balance between sanitizing the record of the Osceola incident while permitting the government to provide essential context for its investigation. On this point, the Court notes that Defendant affirmatively rejected the Court's offer to issue a limiting instruction advising the jury not to consider the basis for the arrest warrant.

The final two aspects of Defendant's Motion in Limine were resolved by agreement during the calendar call and therefore are denied as moot [ECF No. 65 p. 5]. The government shall refrain in its case-in-chief from arguing or eliciting evidence on Defendant's prior drug use, prior drug-related activities, and any affiliation or association with gangs. This includes redacting any images reasonably construed to depict Defendant making gang-related hand signals.

For the foregoing reasons, consistent with this Order and the Court's rulings in open Court, Defendant's Motion in Limine [ECF No. 65] is **GRANTED IN PART AND DENIED IN PART**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 20th day of March 2022.

AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc:   counsel of record

3